UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| TERRI DERDEN, | § <br> § |
| Plaintiff | § **Case No.:** <br> § |
| v. | § **COMPLAINT AND DEMAND FOR** <br> § **JURY TRIAL** |
| ALLIED INTERSTATE, LLC, | § <br> § **(Unlawful Debt Collection Practices)** |
| Defendant | § <br> § <br> § |

## COMPLAINT

TERRI DERDEN ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against ALLIED INTERSTATE, LLC ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C § 227 ("TCPA).

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. §1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant regularly conducts business in the Commonwealth of Pennsylvania, thus, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Kaufman, Texas 75142.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. 153 (39).

7. Defendant is a debt collection company located at 200 Central Avenue, 7th Floor, St. Petersburg, Florida 33701.

8. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## FACTUAL ALLEGATIONS

10. At all pertinent times hereto, Defendant was hired to collect a consumer debt and attempted to collect that debt from Plaintiff.

11. Upon information and belief, beginning in September 2015, Defendant contacted Plaintiff on her cellular telephone.

12. Plaintiff has had this cellular telephone number for more than one year.

13. Plaintiff has only used this number as a cellular telephone number.

14. Plaintiff never provided permission to Defendant to call her cellular telephone number.

15. Further, in October 2015, Plaintiff instructed Defendant to stop calling her on her cellular telephone.

16. However, Defendant failed to update its records to cease calls to Plaintiff's cellular telephone.

17. Defendant used an automatic telephone dialing system, automated message and/or prerecorded voice when contacting Plaintiff.

18. Plaintiff knew that she was receiving automated calls and messages, as Defendant left voicemail messages on her cellular telephone with a computerized voice.

19. Defendant's telephone calls were not made for "emergency purposes."

20.    Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## DEFENDANT VIOLATED THE
## TELEPONE CONSUMER PROTECTION ACT
## <u>COUNT I</u>

21.    Defendant's conduct, as detailed in the preceding paragraphs, violated the Telephone Consumer Protection Act.

22.    Under § 227(b)(3)(A) of the TCPA, a person or entity may bring a private cause of action in an appropriate court based on a violation of the TCPA or the regulations prescribed under the TCPA to enjoin such violation.

23.    Under § 227(b)(3)(B) of the TCPA, a person or entity may bring a private cause of action in an appropriate court "to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation whichever is greater."

24.    Despite the fact that Plaintiff never consented to Defendant placing calls to her, Defendant repeatedly placed non-emergency calls to Plaintiff's cellular telephone.

25.    Based upon the conduct of Defendant, Plaintiff avers that the enhancement of damages provided for by the TCPA allowing for Plaintiff to recover up to $1,500 per call/violation be applied to calls placed.

26.    Defendant's conduct violated § 227(b)(1)(A)(iii) of the TCPA by placing repeated calls using an automatic telephone dialing system to Plaintiff's cellular telephone without prior express consent.

WHEREFORE, Plaintiff, TERRI DERDEN, respectfully prays for a judgment as follows:

a.    All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

      b.     Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

      c.     Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

      d.     Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

      e.     Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, TERRI DERDEN, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

By: */s/ Craig Thor Kimmel*
    CRAIG THOR KIMMEL, ESQUIRE
    Attorney ID No. 57100
    Kimmel & Silverman, P.C.
    30 E. Butler Pike
    Ambler, PA 19002
    Phone: (215) 540-8888 ext. 148
    Fax: (877) 788-2864
    kimmel@creditlaw.com

Date: 5/20/16